# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 17-cv-2447

BRANDY RICHBURG, an individual,

       Plaintiff,

v.

WINDHAM PROFESSIONALS, INC., a Massachusetts corporation,

       Defendant.

## COMPLAINT

### INTRODUCTION

1. This is an action for actual and statutory damages brought by Brandy Richburg (the "**Plaintiff**"), an individual consumer, against Windham Professionals, Inc., a Massachusetts corporation (the "**Debt Collector**"), for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter, "**FDCPA**"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

**PARTIES**

4. Plaintiff is an individual who resides in the County of Douglas, State of Colorado.

5. Plaintiff is a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

6. The Debt Collector is a corporation that does business in the State of Colorado.

7. The Debt Collector has a place of business at 380 Main Street, Salem, New Hampshire 03079.

8. The Debt Collector has a registered agent in this state at 1560 Broadway, Suite 2090, Denver, Colorado 80202.

9. The Debt Collector regularly attempts to collect debts from consumers alleged to be due another.

10. The Debt Collector is engaged in the collection of debts from consumers using the mail and telephone.

11. The Debt Collector is engaged in a business, the principal purpose of which is the collection of debts.

12. The Debt Collector is a "debt collector", as that term is defined by 15 U.S.C. § 1692a(6).

**FACTS**

13. Plaintiff is the victim of identity theft. At some time prior to this complaint, an unknown individual stole Plaintiff's identity and obtained a student loan in Plaintiff's name (the "**Debt**").

14. The Debt is an obligation that was incurred primarily for personal, family, or household purposes.

15. The Debt is a "debt", as that term is defined by 15 U.S.C. § 1692(a)(5).

16. After default, the Debt was assigned by the original creditor to the United States Department of Education (the "**ED**").

17. Plaintiff disputed her liability for the Debt with the ED.

18. 31 U.S.C. § 3720d allows "the head of an executive, judicial, or legislative agency that administers a program that gives rise to a delinquent nontax debt owed to the United States by an individual may in accordance with this section garnish the disposable pay of the individual to collect the amount owed, <u>if the individual is not currently making required repayment in accordance with any agreement between the agency head and the individual.</u>" 31 U.S.C. § 3720d(a) (emphasis added).

19. Under this section, the ED is also required to provide Plaintiff with: written notice, mailed to the Plaintiff's last known address, stating the nature of the amount of the debt to be collected, the agency's intention to initiate collection proceedings, and an explanation of the Plaintiff's rights; an opportunity to inspect and copy records relating to the debt; an opportunity to enter into a written agreement with the agency; and an opportunity for a hearing concerning the existence or amount of the debt and the terms of the repayment schedule. 31 U.S.C. § 3720d(b).

20. The ED retained the Debt Collector to collect the debt from Plaintiff.

21. The Debt Collector initiated an administrative wage garnishment against Plaintiff.

22. The Debt Collector served an administrative wage garnishment on Plaintiff's employer.

23. At the time that the Debt Collector served an administrative wage garnishment on Plaintiff's employer, Plaintiff was not in default of any agreement between the agency head and the Plaintiff because Plaintiff had no obligation to make any payments to ED for the fraudulent loan.

24. Prior to serving the administrative wage garnishment on Plaintiff's employer, the Debt Collector did not send the notice required by 31 U.S.C. § 3720d(b).

25. In the wage garnishment order sent to Plaintiff's employer, the Debt Collector conveyed the amount of the Debt, the as of date of the balance, and that Plaintiff is liable for the Debt.

26. The foregoing information is "credit information", as that term is used by 15 U.S.C. § 1692e(8).

27. When the Debt Collector communicated this information to the Plaintiff's employer, the Debt Collector failed to disclose that Plaintiff had disputed the Debt.

28. After learning that the Debt Collector had subjected her wages to administrative garnishment, Plaintiff called the Debt Collector to determine what could be done to stop the wage garnishment.

29. This communication was the Debt Collector's initial communication with the Plaintiff, as that term is defined by 15 U.S.C. § 1692g(a).

30. The Debt Collector did not send the 15 U.S.C. § 1692g validation notice to Plaintiff within five days of the initial communication with Plaintiff.

31. The Debt Collector's representative stated that nothing could be done to stop the administrative wage garnishment.

32. This statement is false because the ED may delay the issuance of an administrative wage garnishment under pursuant to 31 C.F.R. § 285.11(f)(5).

33. The Debt Collector's representative notified Plaintiff that the Debt Collector would send forms to Plaintiff to dispute the debt with ED.

34. The Debt Collector did not send forms to Plaintiff to dispute the debt with ED.

## COUNT I
## (Violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*)

35. Plaintiff incorporates by reference all of the foregoing allegations as though fully set forth herein.

36. At all times material hereto, Plaintiff was a "consumer", as that term is defined under 15 U.S.C. § 1692a(3).

37. At all times material hereto, the balance that the Debt Collector was attempting to collect was a "debt", as that term is defined under 15 U.S.C. § 1692a(5).

38. At all times material hereto, the Debt Collector was a "debt collector", as that term is defined under 15 U.S.C. § 1692a(6).

39. The FDCPA prohibits debt collectors from using false, deceptive, or misleading representations or means in connection with the collection of any debt, including, but not limited to, false representations as to the character, amount, or legal status of any debt.  15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10).

40. The Debt Collector violated 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10) by falsely representing that Plaintiff is liable for the Debt; that the Debt Collector would send paperwork to end the administrative wage garnishment (and then did not); and representing that the Debt Collector could not end the administrative wage garnishment.

41. The FDCPA requires debt collectors to disclose that a debt is disputed when communicating credit information to any person.  15 U.S.C. § 1692e(8).

42. The Debt Collector violated 15 U.S.C. § 1692e(8) by failing to disclose that the Debt is disputed when communicating credit information to Plaintiff's employer.

43. The FDCPA prohibits debt collectors from collecting any amount that is not permitted by law.  15 U.S.C. § 1692f(1).

44. The Debt Collector violated 15 U.S.C. § 1692f(1) by collecting a debt not owed by the Plaintiff and issuing an administrative wage garnishment when not permitted by law.

45. The FDCPA requires the Debt Collector to provide certain disclosures to Plaintiff within five days of the Debt Collector's initial communication with Plaintiff. 15 U.S.C. § 1692g(a).

46. The Debt Collector violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with written notice validating the Debt.

47. The foregoing acts and omissions of the Debt Collector constitute numerous and multiple violations of the FDCPA.

48. Plaintiff has suffered and continues to suffer actual damages as a result of the Debt Collector's unlawful conduct.

49. Plaintiff is entitled to damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Brandy Richburg prays for relief and judgment, jointly and severally against the Debt Collector, as follows:

1. Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

2. Awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1692k;

3. Awarding Plaintiff reasonable attorney fees and costs incurred in this action;

4. Awarding Plaintiff pre-judgment and post-judgment interest as may be allowed under the law; and

5. Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Dated: October 12, 2017

                                              Respectfully submitted,

                                              /s/ Daniel J. Vedra

                                        Daniel J. Vedra
                                        Katherine Russell
                                        Vedra Law LLC
                                        1435 Larimer St. Suite 302
                                        Denver, CO 80202
                                        Phone: (303) 937-6540
                                        Fax: (303) 937-6547
                                        Email: dan@vedralaw.com
                                        Email: kate@vedralaw.com